Van Brunt, P. J.
Although it appears very much as though the irregularity in the election of the relator was used by his co-trustees as a pretext to get rid of their associate in a somewhat summary way, we do not see how any relief can be afforded him in this proceeding.
It is conceded that the relator was never legally elected to the board, only twelve members being present, but it is claimed that his associates could not inquire into the validity of his election, and that their action was illegal because without notice to him, and that the relator’s title cannot be tried in this proceeding; that the election and re-election to the offices of secretary and of members of the executive committee by a majority competent to- elect to membership, and his recognition as a .member by such a majority cured any defect if any, in his original election.
The evidence in the case fails to show that the relator was ever elected to the office of secretary and of member of the executive committee by a majority of the board of managers, unless the relator is counted as one of such board.
His attempted election being illegal because of the want of a quorum, it is difficult to se,e how he could lift himself into office as a member of the board of managers by counting himself as a member of such board, there being no quorum, if he was not counted at subsequent meetings in which action was taken electing him secretary or member of the executive committee.
It is true that he was present at meetings at which a majority of the board was present without the relator, but the mere fact that the relator was allowed to act as a member of the board in no way affected the rights of the corporation to prevent further action upon his part especially as there is no evidence that the members of the board who went to make up the majority of the board present at these meetings, knew of the fact that the relator had never been elected manager.
Indeed we know of no rule of law by which a title to an office can be acquired by prescription.
*279 Section 3 of the act under which the respondents are incorporated precluded such an idea.
This section provides that all vacancies in the board shall he filled by an election held for that purpose. The mere coming in of a person in the board without any election merely because he is not at once put out, cannot clothe him with the office.
But the ground taken by the relator that his title to this office cannot be tried in this proceeding disposes of this appeal.
It is undoubtedly true that the title to an office as to which there is any question, must be inquired into in an action of quo warranto.
But the relator seeks to demonstrate in this proceeding his right to this office, which remedy is entirely inappropriate.
His election was illegal and the board have refused to allow him to act as one of their members and the only way in which he can compel them to admit him to their counsels is by proving his due election and right to the office in an action appropriate to that purpose.
A proceeding by mandamus will not be entertained for such a purpose when there is serious question in regard thereto.
In re Gardiner (68 N. Y., 467), and in the case at bar there is not only serious question as to the relator’s right to the office, but it would seem that his election being confessedly illegal, he has no right to the office, it being impossible to obtain such right except in the manner prescribed by the charter of the relator.
The case of The People ex rel., Swinburne v. Albany Medical College (10 Abb. New Cases, 122), is no authority upon the point in dispute.
It is the mere statement that it is clear that the acceptance of services for four years of a professor cured the irregularity of the original appointment without stating any principle by which it is made clear.
The learned court seems to found his conclusions upon a somewhat novel use of the maxim “two wrongs do not make a right.”
The appointment in the case cited however was merely irregular because no notice was published of the meeting at which the appointment was made, but the appointment was not void because there, no quorum was present as in the case at bar.
In the case at bar the election was void ab initio and the relator could acquire no rights by reason of a procedure absolutely void.
There could be no waiver or ratification by acquiescence *280 because the board of managers have no power to violate their organic law in the constitution of their board.
The judgment appealed from must be affirmed, with costs.
Bartlett, J., concurs.
Lawrence, J. (concurring).—In this case I am of opinion, that the original election of the relator was void; and. that no subsequent action of the corporation or its officers, has validated it.
It seems clear therefore, that the judgment below should be affirmed, with costs.