THE PEOPLE ex rel. GEORGE WREN, Appellant, *v.* ADOLPH GOETTING, Police Justice, etc., Respondent.

The title of one claiming a public office filled by another, holding under color of right, may not be determined in a mandamus proceeding, where the question of title turns upon a construction of statutory provisions which are not entirely clear and unambiguous.

*It seems*, the appropriate and sufficient remedy is by information in the nature of a quo warranto.

(Argued April 11, 1892; decided April 19, 1892.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made February 11, 1890, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus.

The following is the opinion in full:

" The relator was appointed in 1881 clerk of the Police Court of the third judicial district in the city of Brooklyn. In 1889 he was removed by the respondent, the police justice assigned to that court, and one Degnan was appointed clerk in his stead. The relator then brought the present proceeding against the police justice to compel him, by writ of mandamus, to recognize the relator as the clerk of said court ' and as the person entitled to hold said office and to permit him and him only to perform the duties of such clerkship and have the benefits and emoluments thereof.' The court below denied the application for the writ on the merits. The relator had claimed that, as an honorably-discharged soldier of the late war of the Rebellion, he could not be removed except for good cause shown after a hearing had, and held his position for and during good behavior, relying upon the provisions of section 299, title XXII of chapter 583 of the Laws of 1888. Justice CULLEN, before whom the matter came, considered that these provisions did not apply to the case of one whose position was that of a chief clerk of any official, and that the relator's office amounted to that.

" There is, however, this insuperable objection to the maintenance of this proceeding by the appellant, that mandamus is not the proper remedy in such a case. The office claimed is

filled by another person, holding under color of right, and the question of the title to the office turns upon the construction of statutory provisions. It would be highly inappropriate to determine such a question in a mandamus proceeding. The appropriate remedy, and an adequate one, is by information in the nature of quo warranto, in which proceeding the incumbent of the office can be heard in his own behalf upon the disputed question. The rule must be regarded as well established by frequent decisions in the courts of this state that the writ of mandamus should be refused to aid the admission of a claimant into an office already filled under color of law and when the title to it presents a disputable question. (*People* v. *Stevens*, 5 Hill, 616; *People ex rel. Dolan* v. *Lane*, 55 N. Y. 217; *Matter of Gardner*, 68 id. 467; *Nichols* v. *MacLean*, 101 id. 527.) High, in his work on Extraordinary Remedies (§ 49), considers such a rule to be ' established by an overwhelming current of authority.'

" In *Matter of Gardner* (*supra*), it was said by MILLER, J., in the discussion of the question as to the proper remedy in this state for a party who claims title to an office where it was filled by another that ' it was settled at a very early period in its judicial history that where a person is already an officer by color of right, the court will not grant a mandamus to admit another person who claims to have been duly elected, and that the proper remedy is by an information in the nature of a quo warranto.'

" In *Nichols* v. *MacLean* (*supra*), ANDREWS, J., delivering the opinion of the court, when discussing the question of remedy by a proceeding quo warranto, or as it is since the Code, by a direct action in the nature of such instituted by the attorney-general, said : ' The courts held that they would not at the instance of a person, out of possession of an office, try the title to the office by mandamus or other proceeding, but would leave him to his remedy by information, and it has been said in several cases that the title could only be tried in that proceding.' The learned judge cited, in support of these views, the cases of *People* v. *Stevens* (5 Hill, 616); *People* v. *Vail* (20 Wend.) 12; *People ex rel.* v. *Ferris* (76 N. Y. 326), and *People ex rel.* v. *Lane* (55 id. 217).

"In the present case, the office claimed is one created by the charter of the city of Brooklyn (Laws of 1888, chap. 583), and is filled, as the act directs it to be done, by the appointment of the police justice. It is a statutory office and the incumbent derives his authority to perform its functions and his right to its emoluments from the provisions of the statute. A decision upon the right of this claimant necessarily involves the construction and effect which should be given to the provisions of the Brooklyn charter and to the general enactment upon the subject of the preference to and the tenure of office in the cases of veterans of the late war. The general enactment was made earlier in 1888 (Chap. 119, Laws of 1888) than the passage of the Brooklyn charter, and contained this excepting clause, namely: 'This provision shall not be construed to apply to the position of * * * chief clerk * * * or to any other person holding a confidential relation to the appointing officer.' The appellant's contention is that the provisions of the Brooklyn charter, in the particular respect discussed, being those of a later enactment by the legislature of 1888, alone control and were a re-enactment of a special law of 1887, which the general act had not repealed. His counsel argues, therefore, that the relator was the legal clerk, and that the justice's removal was a void act. He further contends that, if the general act is applicable to Brooklyn, the relator does not come within its proviso, excepting chief clerks, etc., from the operation of the law. These are questions admitting of more or less serious argument and to them might be added a question as to the applicability of the provision in the Brooklyn charter to the particular office, upon the assumption that the proviso in the general law does not control that provision of the charter. A possible ambiguity may be claimed to arise from the reference in the Brooklyn charter provision to 'persons holding positions,' when considered in connection with an office created and filled by the terms of the statute.

"In *People ex rel. Dolan* v. *Lane* (*supra*), the relator was assistant clerk of the District Court of the city of New York. The justice, claiming to possess the requisite power to do so, removed him and appointed another to the office. Subse-

quently, the relator applied for a mandamus compelling the defendant to make and deliver a certificate for the payment of his salary for a certain month. The Special Term denied the application, but the General Term reversed its order and directed the mandamus. On appeal to this court, it was there considered that mandamus was not the proper remedy. RAPALLO, J., who spoke for the court, said that the exclusion of the relator from the office and the installation of another person therein was done under color of law, and that the legality of these acts 'depends upon the construction of a statute, framed in such ambiguous language as to render its interpretation difficult * * *. Under these circumstances, the title to the office should not be determined in a proceeding by mandamus * * * to which proceeding the person in possession and interested in maintaining his right thereto is not a party.' Again he said: 'Indeed, it is doubtful whether the title to an office ought ever to be tried collaterally on proceedings by mandamus instituted in behalf of a party out of possession. (*People* v. *Stevens*, 5 Hill, 616, 627.)'

"In that case the question was, in a respect, similar to the one here, inasmuch as it turned upon the power of the justice, under an act (Chap. 438, Laws of 1872), to appoint as he did, and its decision required a construction of the language of the law.

"Here we are confronted with grave questions relating to the operation and effect of different statutes, and the construction of the language of a law upon which judicial minds may fairly differ, and upon the determination of which depends the right of a party holding a statutory office *de facto* and under color of right to remain in possession. My conviction is that the proceeding should not have been entertained, and that the court below should have left the claimant to his action in the nature of quo warranto, in which the incumbent of the office could be heard in defense of his rights.

"For these reasons the order appealed from should be affirmed, with costs."

*William J. Gaynor* for appellant.

*Almet F. Jenks* for respondent.

GRAY, J., reads for affirmance.
All concur.
Order affirmed.