THE PEOPLE ex rel. EDSON LEWIS, Appellant, *v.* EDWARD F.
BRUSH et al., Respondents.

A writ of mandamus will not be granted upon the application of one claim-
ing title to an office, for the purpose of determining the validity of his
claim, where there is a serious question in regard thereto, and another
person is holding and exercising the functions of the office.

*It seems,* that the appropriate remedy in such case is by quo warranto.

Where, on motion for a peremptory writ of mandamus, opposing affida-
vits are read which are in conflict with the averments of the moving
affidavits, the question as to the right to the writ must be determined
upon the assumption that the averments in the opposing affidavits
are true.

An application for a peremptory writ of mandamus requiring defendant
B. to surrender to relator the office of mayor of the city of Mt. V., and
that the other defendants, composing the common council, recognize him
as mayor, was made upon the relator's affidavit, which alleged, in sub-
stance, that at the election held in 1894, he received a majority of the votes
lawfully cast for mayor, and that on the next day at a regular meeting of
the common council the votes were duly canvassed and he was declared
elected; also, upon the certificate of the city clerk, that a resolution
to that effect was adopted by the common council, and the affidavit of
B. to the effect that he conceded the relator was duly elected, and that
there was a valid canvass. An affidavit of one of the defendants was read
in opposition, which denied that the relator received a plurality of all
the votes, or that it so appeared from the lawful certificates of the

inspectors of election on file in the office of the city clerk, or that there was a regular meeting of the common council at which there was a canvass of the votes for mayor. *Held,* that the application was properly denied; that a serious question was raised by the opposing affidavit, as to the relator's title to the office; and so, that a mandamus was not his proper remedy.

(Argued April 22, 1895; decided April 30, 1895.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 12, 1894, which affirmed an order of Special Term denying a motion by the relator for a writ of peremptory mandamus.

The facts, so far as material, are stated in the opinion.

*Roger M. Sherman* for appellant. The discretion which the court has to grant or refuse the writ of mandamus is a legal, not an arbitrary discretion, and its exercise is reviewable in the Court of Appeals. (*People ex rel. v. Common Council,* 78 N. Y. 56; *Gilroy v. Smith,* 23 N. Y. S. R. 5.) This appeal is properly heard as a motion. (*People v. Jeroloman,* 139 N. Y. 16, 17.) The use of the writ to compel recognition of a public officer whose title is clear and is conceded by the officer *de facto,* and whose functions require others to act with him, is approved. (*People v. Kilduff,* 15 Ill. 493; *People ex rel. v. Sheffield,* 47 Hun, 482; *Rex v. Whitwell,* 5 Term R. 85, 86.)

*Joseph S. Wood* for respondents. In insisting on the issuance of a peremptory writ of mandamus, the relator admits that the denials are true; and if the denials are true, he is not entitled to the peremptory writ. Even if the statements were true, the motion for a peremptory writ could not be granted, because an issue of fact is raised. (*People ex rel. v. Fairman,* 12 Abb. (N. C.) 252; *People ex rel. v. Cromwell,* 102 N. Y. 477; *People ex rel. v. Bd. of App.,* 64 id. 627; *People ex rel. v. Bd. Suprs.,* 98 id. 230; *People v. Richards,* 99 id. 620.) The issuance of a peremptory writ of mandamus lies wholly in the discretion of the court, and an

order denying the same is not appealable to this court unless it is shown on the moving papers and counter affidavits that the relator has a clear and undisputed right and has no other adequate remedy. (*Clark* v. *Miller*, 54 N. Y. 528.)

Haight, J. The relator asked for a peremptory writ of mandamus, based upon his own affidavit, stating that he received a plurality of the votes lawfully cast for the office of mayor, at the election held in the city of Mount Vernon, May 15, 1894; and that on the following day, at a regular meeting of the common council, the votes were duly canvassed and he declared elected. He also presented a certificate of the city clerk that a resolution was adopted to that effect, together with the affidavit of Edward F. Brush, one of the respondents and the then acting mayor, to the effect that he conceded that the relator was elected to the office of mayor, and that there was a valid and lawful canvass of the certificates of his election. In opposition to the motion an affidavit of Edwin W. Fiske, one of the respondents and an alderman of the city, was read, in which he denies that the relator received a plurality of all of the votes cast for the office of mayor, or that it so appeared from the lawful certificates of the inspectors of election on file in the office of the clerk of the city, or that there was a regular meeting of the common council of the city held on the day following the election at which there was a canvass of the votes or of the certificates of election so far as the office of mayor was concerned.

The Special Term denied the motion. In the opinion delivered by the court on the denial thereof it appears that the common council of the city was composed of ten aldermen, and that but five were present at the time the votes were canvassed, and the conclusion was reached that the canvass was illegal and void for the reason that no quorum was present.

We have carefully examined the record and have failed to find any statement, either in the moving or opposing affidavits, showing the number of aldermen that were present taking part in the canvass, and it is well settled that we cannot refer

to the opinion of the court below for the purpose of ascertaining the facts. This appeal must, therefore, be disposed of upon the other questions presented. Mechem, in his work upon Public Offices and Officers, at section 478, says: " The proceeding by quo warranto is the proper and appropriate remedy for trying and determining the title to a public office and of ascertaining who is entitled to hold it; of obtaining possession of an office to which one has been legally elected and has become duly qualified to hold, and also of removing an incumbent who has usurped it, or who claims it by an invalid election, or who illegally continues to hold it after the expiration of his term."

*In the Matter of the Application of Gardner for a Mandamus to the Clerk of the Board of Supervisors of Kings County* (68 N. Y. 467) it was held that a writ of mandamus upon the application of one claiming title to an office will not be granted for the purpose of determining the validity of his claim where there is a *serious question* in regard thereto and another person is holding and exercising the functions of the office. And in *The People ex rel. Dolan* v. *Lane* (55 N. Y. 217) it is stated in the opinion of the court that " If there be a *serious question* as to the title to the office, it ought not to be decided against the party in possession in a proceeding in which he has no opportunity to be heard. Mandamus is not the proper remedy in such a case." (See, also, *People ex rel. Wren* v. *Goetting*, 133 N. Y. 569.)

Upon a motion for a peremptory writ of mandamus where opposing affidavits are heard which are in conflict with the averments in the moving affidavit, the question as to the right to the writ must be determined upon the assumption that the averments in the opposing affidavits are true. (*People ex rel. Tenth National Bank* v. *The Board of Apportionment of the City and County of New York*, 64 N. Y. 627.) Here we have a denial of the essential facts upon which the application for the writ was based. The facts relied upon by the relator were, therefore, controverted and a serious question raised in reference to his title to the office. We are,

therefore, of the opinion that mandamus was not his proper remedy, but that he should have resorted to an action under the Code in the nature of a quo warranto.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.