THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER H. RUMPH, Appellant, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF KINGS, Respondent.

*Title to the office of supervisor of the thirty-first ward of the city of Brooklyn — when it cannot be determined by mandamus — quo warranto — chapter 449 of 1894.*

The rule is established in the State of New York that a writ of mandamus will not be granted upon the application of one claiming title to an office for the purpose of determining the validity of his claim when there is a serious question in regard thereto and another person is holding and exercising the functions of the office. The remedy in such a case is by quo warranto.

The papers upon an application for a peremptory writ of mandamus, commanding the board of supervisors of the county of Kings to recognize the petitioner as a supervisor of the thirty-first ward of the city of Brooklyn, alleged that in the spring of 1894, one Bennett was elected supervisor of the town of Gravesend, in Kings county, to fill an unexpired term, and that at the same election

Bennett was chosen for the next term beginning with the year 1895, and that he was acting as such supervisor on May 3, 1894.

By chapter 449 of the Laws of 1894, which took effect May 3, 1894, the town of Gravesend was annexed to Brooklyn and became the thirty-first ward of said city. By section 6 of said act it was provided that the supervisor of the town of Gravesend, acting at the time the act should take effect, should continue to hold office for the term for which he was elected. The petitioner claimed to have been elected supervisor of the thirty-first ward of Brooklyn at the general election in November, 1894, for the term beginning in 1895. He claimed to have taken his seat as a member of the board of supervisors and entered upon the discharge of his duties, and that he was thereafter unseated by the board, who refused to allow him to take his seat or discharge his duties. The affidavit of the clerk of the board of supervisors was to the effect that Bennett filed a certificate of election as supervisor for the term beginning with the year 1895, and November 19, 1894; that his name was placed upon the roll of members and that he had acted and was acting as such.

*Held,* that upon a motion of this character the question as to the right to the writ must be determined upon the assumption that the averments in the opposing affidavits were true; that Bennett was a *de facto* officer in possession and could not be deprived of the office without an opportunity of being heard; that the case was one where quo warranto was the proper remedy and that the right of the petitioner to the office in question could not be determined by mandamus.

APPEAL by the relator, Peter H. Rumph, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 15th day of February, 1895, denying the relator's motion for a peremptory writ of mandamus.

The application was made for a peremptory writ of mandamus directed to the board of supervisors of the county of Kings commanding it forthwith to recognize the relator as supervisor of the thirty-first ward of the city of Brooklyn and permit him to act as a member of said board and to discharge the duties of the said office.

*Paul E. DeFere,* for the appellant.

*H. B. Hubbard,* for the respondent.

BROWN, P. J.:

The material facts set forth in the petition in this proceeding are as follows: In the spring of 1894, William V. B. Bennett was elected supervisor of the town of Gravesend in Kings county to fill an unexpired term, and duly qualified and entered upon the dis-

charge of his duty and was acting as such officer on May 3, 1894. At the same election he was chosen for the next term beginning with 1895.

By chapter 449, Laws of 1894, which took effect May 3, 1894, the town of Gravesend was annexed to the city of Brooklyn and became the thirty-first ward of said city. Section 6 of said act provided that " the supervisor of the town of Gravesend and the several justices of the peace of said town, duly elected, qualified and acting at the time this act shall take effect, shall continue to hold their offices for the terms for which they were respectively elected."

The petitioner claims to have been elected supervisor for the thirty-first ward of said city at the general election in November, 1894, for the term beginning with 1895, and alleges that he presented himself to the board of supervisors and took his seat therein and entered upon the discharge of his duties, and was thereafter, by said board, unseated, and said board refused to allow him to take his seat or discharge his duties. The affidavit of the clerk of the board was to the effect that Bennett, on November 19, 1894, filed a certificate of election as supervisor for the term beginning with 1895 ; that his name was placed upon the roll of members, and that he had acted and was acting as such.

The Annexation Act made no provision for an election of a supervisor for the new ward, but provided generally that the territory annexed should be subject to and governed by the same laws and ordinances, and entitled to the same rights and franchises, as the said city of Brooklyn as constituted when the act took effect. By provision of the charter of the city, vacancies in the office of supervisor are filled by the common council.

We are of the opinion that the right of the petitioner to the office in question cannot be determined in this proceeding. The rule is established in this State that a writ of mandamus will not be granted upon the application of one claiming title to an office for the purpose of determining the validity of his claim when there is a serious question in regard thereto and another person is holding and exercising the functions of the office. (*People ex rel. Hodgkinson* v. *Stevens*, 5 Hill, 628 ; *Morris* v. *The People*, 3 Den. 396 ; *People ex rel. Dolan* v. *Lane*, 55 N. Y. 217 ; *In the Matter of*

*Gardner*, 68 id. 467; *People ex rel. Wren* v. *Goetting*, 133 id. 569; *People ex rel. Lewis* v. *Brush*, 146 id. 60.)

Upon a motion of this character the question as to the right to the writ must be determined upon the assumption that the averments in the opposing affidavits are true. (*People ex rel. Tenth Nat. Bank* v. *The Board of Apportionment*, 64 N. Y. 627; *People ex rel. Lewis* v. *Brush, supra.*)

We must assume, therefore, in this case, notwithstanding the allegations of the petition, that Mr. Bennett is in possession of the office and exercising the functions thereof. In such a case the remedy of the person claiming the office is by quo warranto. That writ lies when the party proceeded against is either a *de facto* or *de jure* officer in possession of the office. (*People ex rel. Kelly* v. *Common Council*, 77 N. Y. 503.)

The claim of the appellant, that the office was vacant on January 1, 1895, and, therefore, mandamus was the proper remedy, is clearly unsound. It is clear that Bennett became supervisor of the thirty-first ward by force of the Annexation Act on May 3, 1894. His claim now is that the petitioner's election was irregular, and on that assumption he either held over under the Public Officers Act (Laws of 1892, chap. 681, § 5) or else he was in possession under the election for the full term. At all events he was performing the functions of the office, basing his claim of title upon one of these two grounds. He was, therefore, a *de facto* officer in possession, and cannot be deprived of the office without an opportunity of being heard.

The appellant refers us to the case of *People ex rel. Clancy* v. *Supervisors* (139 N. Y. 524). But that case has no relevancy to the questions here presented. The petitioner in that proceeding claimed to have been elected supervisor of the fourth ward of the city of Yonkers. There was no other claimant to that office and no one in possession performing its functions. The sole question was as to the constitutionality of the statute creating the office. If that act was valid and the office existed the petitioner was entitled to it. The case was one, therefore, where quo warranto would not lie and mandamus was the proper proceeding.

The order appealed from must be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Order affirmed, with costs.