PEOPLE ex rel. COCHRANE v. TRACY et al.

(Supreme Court, Appellate Division, Fourth Department. December 10, 1898.)

1. MUNICIPAL CORPORATIONS—APPOINTMENT TO OFFICE—REMOVAL BY COM-
MITTEE.

Where the power of appointment to a certain municipal office was vested
in the common council, the removal of such officer by a committee of
such body was not effective until ratified by the council, as such power
could not be delegated.

2. SAME—ASSISTANT OVERSEER OF POOR—CIVIL SERVICE ACTS.

Under Rochester City Charter, § 79 (Laws 1880, c. 14), which confers
the same powers on the deputy as on the assistant overseer of the poor,
and vice versa, such "assistant" is a "deputy," and his position one of
trust and confidence, within the exception clause of Laws 1898, c. 184,
prohibiting the removal without cause of veteran firemen holding appoint-
ive positions, except deputies and others holding confidential relations to
the appointing officer.

3. SAME—REMOVAL OF OFFICERS—VETERAN FIREMEN—MANDAMUS.

The provision of Laws 1896, c. 821, granting to veteran soldiers, sailors,
or marines the remedy by mandamus for the protection of their tenure
to certain official positions, does not apply to veteran firemen.

Appeal from special term, Monroe county.

Application by Joseph F. Cochrane for a peremptory mandamus
to require William H. Tracy and others, constituting the common
council of the city of Rochester, to reinstate him as assistant over-
seer of the poor. From an order denying his application, relator
appeals. Writ dismissed.

The relator asked for a peremptory writ of mandamus directing that the
common council of the city of Rochester rescind its action in attempting to
remove him from the position of assistant overseer of the poor, and to recog-
nize him as such assistant, and to pay him his salary. The court at special
term denied the application. It appeared by the moving papers that the re-
lator had served the time required by law in the volunteer fire department of
the city of Rochester, and has been since October 1, 1874, an exempt fireman,
under the laws of this state; that in May, 1891, the relator was appointed by
the common council of the city of Rochester (who had the power of appoint-
ment) to the position of assistant overseer of the poor, with a salary of $75₅
per month, which they afterwards raised to $83.33, and that such appoint-
ment was for no definite term, and was made after the passing of a civil
service examination by the relator, and due certification thereof, in con-
formity with the laws of the state and the rules of the civil service commis-
sion; that the relator performed the duties of assistant overseer of the poor
until April 19, 1898, on which he was informed by the overseer of the poor
that he was "no longer upon his list," and from that day he was no longer
given any work to do, although he reported for duty each day, up to the
commencement of these proceedings; that the common council appointed a
committee known as the "poor committee"; that that committee had reported
on the 15th day of April that one Peter B. Sheridan was appointed assistant
overseer in the place of the relator, and thereupon the common council passed
a resolution upon the report of the committee for the relief and support of
the poor, which report and resolution is as follows:

"To the Honorable, the Common Council—Gentlemen: Your committee
on support and relief of the poor beg leave to report that, pursuant to a res-
olution duly adopted by your honorable body on January 25th, the following
appointments were made, at the time stated therein below, in the poor depart-
ment: Peter Sheridan, assistant overseer, April 15th. * * * Your commit-

tee further reports that a question has been raised as to the power of your honorable body to delegate the power of making said appointments to your committee, and it therefore recommends the adoption of the following resolution (the committee naming them): Resolved, that the appointment of Peter B. Sheridan, * * * made by the committee on the support and relief of the poor in the poor department, be, and the same hereby is, made by this council as of the date mentioned in the foregoing report, to the same force and effect as though said appointment was made by this council, and said appointments by said committee are in all respects ratified and confirmed."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

William T. Plumb, for appellant.
John F. Kinney, for respondents.

WARD, J. The appellant insists that he was never legally removed from his position as assistant overseer of the poor; that the poor committee had no power to make the removal; and that a simple ratification of the acts of that committee by the common council did not affect such removal. It may be questioned whether the attempt of the common council to remove the relator as of a time prior, being the time which the committee had designated, was effective, but it was effective as of the time of the ratification. The effect of the resolution of the common council which has been set forth above was to make such removal. The committee had no power to make the removal. That power rested in the common council. Powell v. Tuttle, 3 N. Y. 396; Birdsall v. Clark, 73 N. Y. 73; Thompson v. Schermerhorn, 6 N. Y. 92.

The appellant also claims that the relator, being an exempt fireman, was protected by the civil service act from removal, except for cause shown after hearing had. The law governing this matter is chapter 184 of the Laws of 1898, which became a law March 31, 1898, which provides that:

"(2) No person holding a position by appointment in any city or county of this state or who may be hereafter appointed, receiving a salary from such city or county, * * * who shall have served the time required by law in the volunteer fire department of any city, town or village in this state or who shall have been a member thereof at the time of the disbandment of said volunteer fire department, shall be removed from such position except for cause shown after a hearing had. * * * Nothing in this act shall be construed to apply to the position of private secretary or chief clerk or deputy of any official or department, or to any other person holding a strictly confidential relation to the appointing officer."

The attempt of the learned counsel for the relator to distinguish between the duties of an assistant and a deputy of the overseer of the poor, and thus relieve the relator from the exception specified in the statute quoted, cannot be sustained, for the reason that the question seems to be settled against him by section 79 of the charter of the city of Rochester, which provides:

"The overseer of the poor of the city of Rochester, and in case of his absence or inability to act, his deputy or assistant, when appointed by the common council shall have the power to administer to and examine under oath

any person applying to him for relief, and false swearing upon or at such examination, shall be deemed willful perjury. He, and in case of his absence or inability to act, said deputy or assistant, shall also have the same power to institute and settle cases of bastardy as are now or hereinafter may be conferred upon the superintendent of the poor of the county, and shall possess all the powers and authority of overseers of the poor of towns." Laws 1880, c. 14.

The statute thus confers the same power upon the deputy as upon the assistant, and vice versa, and it is immaterial which designation is given to this officer, as the duties are the same. And we concur in the views expressed by the learned judge at the special term, "that the assistant overseer of the poor department is a deputy, within the meaning of the said act, and that the position is one of trust and confidence"; and that "the provisions of the constitution and the statutes pertaining to appointments and promotions in the civil service do not apply to the office in question,"— citing Chittenden v. Wurster, 152 N. Y. 345, 46 N. E. 857; People v. Palmer, 152 N. Y. 217, 46 N. E. 328.

Another difficulty lies in the way of the appellant. It seems to have been held by courts in this state that the remedy in such cases is not by mandamus, but by the more deliberate proceeding of an action. People v. Rupp, 90 Hun, 145, 35 N. Y. Supp. 349, 749; People v. Goetting, 133 N. Y. 569, 30 N. E. 968; People v. Brush, 146 N. Y. 60, 40 N. E. 502. The legislature, however, in chapter 821 of the Laws of 1896, has granted to the Union soldier, sailor, or marine the remedy by mandamus as well as by action, but the remedy by mandamus has not been extended to exempt firemen.

The writ of mandamus should be dismissed, but, as the question is somewhat novel, without costs. All concur.