THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES F. MEYERS, Respondent, v. MICHAEL J. DILLON, Mayor of the City of New Rochelle, GRENVILLE T. EMMET and Others, Composing the Board of Police Commissioners of the City of New Rochelle, and THE CITY OF NEW ROCHELLE, Appellants.

*Patrolman of the village of New Rochelle — right of, to a position as patrolman of the city of New Rochelle — effect of his applying for appointment as such — mandamus.*

A patrolman, appointed by the police commissioners of the village of New Rochelle, which was incorporated as a city by chapter 128 of the Laws of 1899, in which, by section 256, it is provided: "The police officers and patrolmen of said village shall be the police officers and patrolmen of said city," and, by section 10, that there shall be "not to exceed ten patrolmen," who are, under the provisions of section 119, removable for incompetency or misconduct, upon written charges, and after notice and a hearing before the police commissioners, was, after the incorporation of the city, induced to sign an "application for appointment as patrolman of the city of New Rochelle," which application was denied at a meeting of the board of police commissioners, and the patrolman was subsequently dismissed.

*Held,* that, by making the application, the patrolman waived none of his rights under the charter;

That the action of the police commissioners was without authority and illegal; and that the fact that they had appointed "ten patrolmen" did not prevent the issuing of a peremptory writ of mandamus commanding them to restore the removed patrolman to his position.

APPEAL by the defendants, Michael J. Dillon, mayor of the city of New Rochelle, and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 31st day of July, 1899, directing the issuance of a peremptory writ of mandamus,

commanding the defendants to restore the relator to his position as patrolman of the city of New Rochelle.

*Michael J. Tierney,* for the appellants.

*J. Addison Young,* for the respondent.

GOODRICH, P. J.:

The city of New Rochelle was incorporated by chapter 128 of the Laws of 1899, which became a law March twenty-fourth. Section 254 provided that the corporation known as the village of New Rochelle, which had previously existed, should be dissolved on the fourth Tuesday of April (twenty-fifth), when the terms of office of all officers of the village should expire, except as otherwise provided in the act, and that the duties and obligations of the village should then be imposed upon the city. Section 256 provided that the police commissioners of the village should be the police commissioners of the city, and that "The police officers and patrolmen of said village shall be the police officers and patrolmen of said city." Section 259 provided that the first election of city officers should be on the third Tuesday of April (eighteenth). Section 10 provided that among the officers of the city there should be "not to exceed ten patrolmen." Section 114 provided that "the patrolmen of the village of New Rochelle shall, from the time this act takes effect, be * * * patrolmen of the city of New Rochelle, and, with the patrolmen to be appointed by the board of police commissioners, shall constitute the police force of the said city." Section 119 provided for the removal of any member of the police force for incompetency or misconduct, upon written charges, and after notice and hearing before the police commissioners.

The relator Meyers was appointed a patrolman of the village April 15, 1896, and served continuously down to May 31, 1899. On April twenty-fourth he subscribed and filed with the city clerk his oath as a patrolman of the city, and was paid for his services down to May thirty-first, when he was informed by the chief of police that his services were required no longer, and that he was no longer in the service. Subsequently his shield was taken from him. The ground of this action was stated as follows: The relator swears that on May seventeenth, at a meeting of the police commissioners, he was requested to, and did, sign a paper addressed to them as fol-

lows: " I, the undersigned, do hereby respectfully make application for appointment as patrolman of the city of New Rochelle. Dated May 17, 1899." The relator claims that he was persuaded improperly to sign the application by a statement that it was a mere matter of form, but as the affidavit of Mr. Dillon, the mayor of the city, contradicts this statement, we must assume on this appeal that the latter's affidavit is true.

After the relator signed the paper, it appears, at a meeting of the board of police commissioners, held May seventeenth, the following occurred: " Application of Charles Meyers for appointment as patrolman of the City of New Rochelle, N. Y., was read, and on motion it was voted that the application for said appointment be and hereby is denied, the roll call showing the following vote: Ayes — Coe, Manning, Emmet. Nays, none." By his application the relator waived none of his rights under the charter, and the action of the police commissioners was without authority and illegal. The act in explicit terms continued the relator in office, subject only to removal for incompetency or misconduct, and it is not alleged that any proceedings for that purpose were taken.

That the police commissioners have made ten appointments makes no difference. They had no power to make any appointment which supplied or filled the position of the relator. It is not necessary for us to designate which of the ten appointments of patrolmen was illegal, nor have we sufficient evidence to enable us to do so. It does not appear whether any person was appointed specifically to fill the position of the relator. It is not a case where a single officer is under consideration, as in *People ex rel. Wren* v. *Goetting* (133 N. Y. 569), where the office was that of the clerk of a district police court, and it was held that the remedy was by quo warranto instead of by mandamus, on the ground that the office was already filled by a person claiming under color of right and drawing salary.

The charter act found the relator in office as a patrolman of the village, and in express terms continued him as a patrolman of the city. The attempted exclusion of him, therefore, was illegal and void.

It follows that the order should be affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.