PEOPLE ex rel. SEWARD et al. v. PRESIDENT, ETC., OF VILLAGE OF SING SING, N. Y.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

MANDAMUS—VILLAGE OFFICERS — REMOVAL OF POLICEMAN — AUTHORITY OF TRUSTEES.

 Const. art. 10, § 3, provides that, when the duration of an office is not provided by the constitution or declared by law, such office shall be held during the pleasure of the authority making the appointment. A village charter provides that certain officers, including policemen, shall be appointed for the terms fixed and determined by the trustees. Const. art. 5, § 9, creating the civil service law, and providing for appointment and promotion in the civil service, does not refer to removal therefrom. Laws 1899, c. 370, providing for civil service, regulates appointments in the state service, but does not, in terms, relate to villages. *Held*, that the termination of the tenure of office of a policeman in such village was at the pleasure of the board of trustees.

Appeal from special term, Westchester county.

Mandamus, on the relation of James W. Seward and another, against the president and trustees of the village of Sing Sing. From an order denying the writ, relator Seward appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Milton C. Palmer, for appellant.
John Gibney, for respondents.

GOODRICH, P. J. In June, 1898, the relator James W. Seward was appointed to the office of policeman of the village of Sing Sing by the board of trustees of that village, and, having qualified by oath of office and bond, entered upon and continued in the discharge of his duties in such capacity. On April 10, 1900, the board of trustees passed a resolution: "Resolved, that the term of office of each and every policeman of this village expire [sic?] on the first day of May in each year." On the next day the relator Seward received from the president of the village a notification that his term of office had expired. He protested against such removal, and in June he and the other relator, Carrigan, obtained from one of the justices of the supreme court an order requiring the president and board of trustees of the village to show cause why a peremptory writ of mandamus should not issue requiring the board to reinstate them as policemen. Upon the hearing of the motion the court denied the application, and the relator Seward appeals from such order.

The affidavits contain allegations designed to show that the removal of the relator was for political reasons. The affidavit and re-

turn of the president contained an allegation that he believed and was informed by counsel that the matters referred to did not affect the action of the board of trustees. Such a denial is open to criticism, but is not important, in the view we take of the matter. Section 3 of article 10 of the constitution reads:

"When the duration of any office is not provided by this constitution, it may be declared by law, and, if not so declared, such office shall be held during the pleasure of the authority making the appointment."

In People v. Robb, 126 N. Y. 180, 27 N. E. 267, this section was under consideration in the case of the removal of a park policeman in New York. There was a provision in the consolidation act (chapter 410, Laws 1882), as amended by chapter 262, Laws 1887, giving the commissioners of parks power to appoint a park policeman, and providing in another section for the imposition of penalties upon conviction of certain specified offenses, and for a reduction of pay for sickness or other disability, mental or physical. The court held that the act created no restriction upon the power of summary removal when the person to be removed was incapacitated by physical disability. The court said (page 182, 126 N. Y., page 267, 27 N. E.):

"With respect to the tenure or duration of a public employment, such as the relator had at the time of his dismissal, the general rule is that, where the power of appointment is conferred in general terms and without restriction, the power of removal, in the discretion and at the will of the appointing power, is implied and always exists, unless restrained and limited by some other provision of law [citing numerous cases]."

This general rule was embodied in the section above quoted from the constitution.

In the recent case of People v. Cram, 58 N. E. 112, the court of appeals, Judge Cullen writing, held that:

"In the case of public officers, such duration of term and permanence of tenure must proceed from the action of the legislature itself, for so the constitution ordains. The power cannot be delegated, nor can the terms of an office be prescribed, by the regulation of the civil service commission."

It is manifest that this remark related only to the question before the court,—that is, to the delegation of legislative power to the state civil service commission,—which is an administrative body, and we may not extend it to a case of delegation of power to a board of village trustees which clearly may be invested with other powers, as, for instance, to make ordinances which have the same force within the corporate limits as a statute passed by the legislature itself. Village of Carthage v. Frederick, 122 N. Y. 268, 25 N. E. 480, 10 L. R. A. 178. The legislature could and did in the charter delegate to the village board the power to determine the duration of the office of policemen when it declared, in section 7: "All other offices [which included policemen] shall be appointed for the terms and in the manner hereinafter provided or as may be hereafter fixed and determined by said trustees." It makes no difference that the duration of the office was determined by a resolution passed after the policemen qualified and entered into their office. Even if the resolution was for that reason illegal in fixing generally the term of office of all policemen, it was still an ex-

pression of the "pleasure of the authority making the appointment," and therefore terminated the office of the relators.

It is to be observed that section 9 of article 5 of the constitution, creating the civil service law, provides for appointment and promotion in the civil service, but does not refer to removal therefrom; and that the civil service law (chapter 370, Laws 1899), commonly known as the "White Act," regulates appointments in the state and city service, and does not in terms relate to villages. It is true that the legislature has the power to regulate the civil service of villages, but as yet it has not seen fit to do so. A policeman is a public officer (Dempsey v. Railroad Co., 146 N. Y. 290, 40 N. E. 867), and the title of one claiming a public office filled by another holding under color of right may not be determined in a mandamus proceeding where the question of title turns upon a construction of statutory proceedings which are not entirely clear and unambiguous (People v. Goetting, 133 N. Y. 569, 30 N. E. 968; People v. Brush, 146 N. Y. 60, 40 N. E. 502). The record shows that other policemen were appointed in the place of the relators. We therefore come to our conclusion that, as the duration of office of policemen in the village of Sing Sing is not provided for by the constitution, one of the other two conditions referred to in the section exists, and that the relators held office at the pleasure of the board of trustees, and consequently that the board had the authority to remove them at pleasure. The resolution was either a removal or it fixed the duration of the office. In either case it was a proper exercise of power, and the order must be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.