(43 Misc. Rep. 182.)

PEOPLE ex rel. THOMSON v. HINSDALE, City Clerk.

(Supreme Court, Special Term, Oneida County.    March, 1904.)

1. OFFICERS—TRIAL OF RIGHT TO OFFICE—QUO ·WARRANTO—MANDAMUS.
    Where the question of the eligibility of a person to an office held by
    another person under a claim of right turns on the construction of statu-
    tory provisions, his remedy to try title to the office is by an action in the
    nature of a quo warranto, and not by writ of mandamus.

2. SAME—QUO WARRANTO—NECESSARY PARTIES.
    In an action in the nature of a quo warranto to try title to an office
    held by another person under a claim of right, the people of the state
    and the incumbent of the office are necessary parties.

Application by the people, on the relation of Marvin A. Thomson,
for peremptory writ of mandamus to compel William M. Hinsdale,
clerk of the city of Fulton, to file plaintiff's acceptance and oath of
office as mayor of the city of Fulton, and to issue to him a certificate
of election.   Application denied.

Giles H. Piper, for relator.
William S. Hillick and Frederick G. Spencer, for respondent.

ROGERS, J.   The petition shows that the relator is 52 years of
age, a citizen of the United States, a resident elector of the city of
Fulton, N. Y., and has been such since its incorporation on the 26th
day of February, 1902; that for several years prior to the incorpora-
tion of said city he was a resident of the village of Oswego Falls, in
the town of Granby, Oswego county, which village became a part of
the city upon its incorporation; that he is the owner of a farm in
said town of Granby, not, however, within the limits of said city, and
was prior to the 15th day of June, 1903, the owner of an undivided
one-third of certain real estate situate in said village of Oswego Falls,
and since its incorporation in the city of Fulton, upon which he has
paid taxes annually; that in the year 1902 said last-mentioned real es-
tate was assessed upon the assessment roll of the city of Fulton in the
name of the copartnership of which he was a member, and that he
had paid one-third of the taxes thereon to the city chamberlain of said
city; that in May, 1903, a stock corporation was formed with a capital
stock of $30,000, and he became the owner of $10,000 thereof; that
said last-mentioned real estate was conveyed by him and his associates,
on the 16th day of June, 1903, to said stock corporation, and said
real estate was assessed to said corporation on the assessment roll of
1903; that, except as above stated, neither the relator nor his wife
was owner of or assessed for real estate within said city on and prior
to the annual election November 3, 1903; that at said election the re-
lator was a candidate, voted for, and received a majority of votes cast
for mayor of said city, and the common council thereof, on the 8th
of December, 1903, acting as a board of canvassers, determined that
he received such majority and was duly elected.   On the 14th of Janu-
ary, 1904, he presented a notice of his acceptance and oath of office as
mayor to the defendant as city clerk, and requested him to file the

¶ 2. See Mandamus, vol. 33, Cent. Dig. §§ 23, 161, 162.

same, which the defendant refused to do. He also at the same time requested the defendant to deliver to him a certificate of his election as mayor, which was likewise refused.

The charter of the city of Fulton (Laws 1902, p. 131, c. 63, § 9) provides:

"No person shall be elected or appointed to the office of mayor, or member of the board of public works, board of fire and police commissioners, or board of education, unless he or his wife shall be the owner of real estate, assessed to him or her on the last assessment-roll of the city, previous to his election or appointment."

The defendant, in answer to the petition, filed the affidavit of one James A. Foster, stating that he (Foster) is the sole, legally elected, duly qualified, and acting mayor of the city of Fulton, N. Y., and has been for two years last past; that he claims to be the only person legally entitled to the office of mayor of said city; that he is recognized as such by the citizens of said city and the officers of the various departments thereof, and that he is the only person performing acts and filling the office of mayor; that he presides as mayor at the meetings of the common council of said city, and is the only person exercising the functions of said office in said city.

The claim of the relator is: (1) That the assessment roll for the year 1903 was incomplete on the day of the election, and therefore that the assessment roll of 1902 is the one to be considered "the last assessment roll" for the purpose of determining his qualification within the meaning of the charter; and (2) that the statute prescribing a property qualification is unconstitutional, and attempts illegally to restrict his right to hold office. The defendant contests both propositions, and asserts that the relator's remedy is by writ of quo warranto, and not mandamus. The relator's counsel has made a learned and persuasive argument in support of his contention, but, as I conclude the questions thus presented ought not to be determined here, because mandamus is not the remedy by which title to office can be determined, and quo warranto is, I express no opinion thereon. That quo warranto is the remedy to me seems clear both upon principle and authority. That the relator received a majority of the votes cast for mayor has been decided, but his eligibility is challenged by the defendant, who at the same time asserts that another is now actually holding and performing the duties of the office under a claim of right so to do. Whether the relator is eligible is a question fairly open to debate. As to it candid lawyers and judges might differ. In any event, there is a bona fide controversy, which must be tried out, and a conclusion reached one way or the other. If he is not eligible, the defendant ought not to be compelled to accept and file the oath. When once determined that he is, I apprehend the clerk may be confidently relied on to do his duty in the premises.

The relator has not, in my opinion, such clear, legal title to the office as entitles him to mandamus the city clerk and compel the receipt and filing of the official oath. People ex rel. Sherwood v. Board of Canvassers, 129 N. Y. 360, 29 N. E. 345, 14 L. R. A. 646; People ex rel. Wren v. Goetting, 133 N. Y. 569, 30 N. E. 968; People ex rel. Lewis v. Brush, 146 N. Y. 60, 40 N. E. 502; Matter of Hart, 159 N.

Y. 278, 54 N. E. 44; High, Extr. Leg. Rem. §§ 49, 75; City of Buffalo v. Mackay, 15 Hun, 204; People ex rel. Hodgkinson v. Stevens, 5 Hill, 616; Code Civ. Proc. § 1948.

In People ex rel. Wren v. Goetting, supra, Judge Gray, writing for the court (page 569, 133 N. Y., page 969, 30 N. E.), says:

"There is, however, this insuperable objection to the maintenance of this proceeding by the appellant: that mandamus is not the proper remedy in such a case. The office claimed is filled by another person, holding under color of right, and the question of the title to the office turns upon the construction of statutory provisions. It would be highly inappropriate to determine such a question in a mandamus proceeding. The appropriate remedy, and an adequate one, is by information in the nature of a quo warranto, in which proceeding the incumbent of the office can be heard in his own behalf upon the disputed question. The rule must be regarded as well established by frequent decisions of the courts in this state that the writ of mandamus should be refused to aid the admission of a claimant into an office already filled under color of law, and when the title to it presents a disputable question."

In People ex rel. Lewis v. Brush, supra, Judge Haight, writing for the court (page 63, 146 N. Y., page 502, 40 N. E.), quotes with approval from Mechem on Public Offices and Officers:

"The proceeding by quo warranto is the proper and appropriate remedy for trying and determining the title to a public office and of ascertaining who is entitled to hold it; of obtaining possession of an office to which one has been legally elected and has become duly qualified to hold; and also of removing an incumbent who has usurped it, or who claims it by an invalid election, or who illegally continues to hold it after the expiration of his term."

In High on Extraordinary Legal Remedies, § 49, it is said:

"In determining the extent to which the courts may properly interfere by mandamus with questions relating to the title to and possession of public offices, it is necessary to recur to an important principle, frequently asserted throughout these pages, and which may be properly termed the controlling principle governing the entire jurisdiction by mandamus. It is that in all cases where other adequate and specific remedy exists at law for the grievance complained of, the writ of mandamus is never granted. Applying this principle to cases where relief has been sought to determine disputed questions of title to and possession of public offices, the courts have almost uniformly refused to lend their aid by mandamus, since the remedy by information in the nature of a quo warranto is justly regarded as the most appropriate and efficacious remedy for testing the title to an office, as well as the right to the possession and exercise of the franchise. And the rule may now be regarded as established by an overwhelming current of authority, that where an office is already filled by an actual incumbent, exercising the functions of the office de facto and under color of right, mandamus will not lie to compel the admission of another claimant, or to determine the disputed question of title. In all such cases the party aggrieved, who seeks an adjudication upon his alleged title and right of possession to the office will be left to assert his rights by the aid of an information in the nature of a quo warranto, which is the only efficacious and specific remedy to determine the questions in dispute."

And at section 75 the same author says:

"And upon the application for mandamus the court will not go behind the certificate of election, and try the relator's actual title. It is therefore wholly immaterial whether the relator was eligible to the office in question, or whether he was duly elected thereto, since to try such issues would be to determine the title upon proceedings in mandamus, which the courts will never do."

In City of Buffalo v. Mackay, supra, Judge Smith, writing for the court (page 207), says:

"The mode prescribed by law of trying the title to a public office is by an action in the name of the people of the state. It has been held that the provisions of the Code authorizing such action furnish the only remedy for the trial and determination of such questions, and that they prohibit their trial in any other manner."

In People ex rel. Hodgkinson v. Stevens, supra, it is said in the headnote:

"Where the title to an office is in dispute, the only mode of trying it is by information in the nature of a quo warranto. The court will not determine the question on mandamus."

The propriety of the reasoning contained in the authorities cited is especially apparent in this case. The only parties here are the relator, who has received a majority of the votes cast, and claims to be entitled to hold the office of mayor, and the city clerk, whose duty it is, among other things, to receive and file official oaths. The people of the state are a necessary party to try title to office. Morris v. Whelan, 64 How. Prac. 109. "A writ of mandamus on behalf of the people in their sovereign capacity can be awarded only upon the application of the Attorney General, or some district attorney, and the indorsement upon the writ must show that it was issued upon such application. And in such a case the name of no person need appear as relator in the proceeding. Here the writ was awarded upon the application of, * * * a private person, and he appears as relator. In such a case the proceeding is purely one to enforce a civil remedy, and the people are present merely as a formal party, and their presence is due to the survival of a form which has long since ceased to have any significance or utility. The real party in interest is the relator in such a case, and if he should die the proceeding would abate." Per Earl, J., People ex rel. Sherwood v. Board of Canvassers, 129 N. Y. 373, 29 N. E. 348, 14 L. R. A. 646.

The present incumbent is also entitled to be heard on the question of his right to continue in office; but, not being a party to this proceeding, he has no opportunity to assert his claim, whatever it may be.

It necessarily follows that, if the relief here asked for were granted, it could only go to the extent of compelling the defendant to receive and file the oath of office. The relator might still be out and the incumbent in, with their respective rights undecided. His counsel, in his brief, frankly and accurately states the situation: "A decision in favor of the relator herein would be no bar to an action to try the title to the office." It would serve no good purpose to carry on a controversy which, at the end, could result in nothing so far as settlement of the real issue is concerned. As already intimated, the relator should be relegated to his remedy by writ of quo warranto, where all the parties interested may be heard (Code Civ. Proc. § 1954), and a complete determination had. The application for a peremptory writ of mandamus is denied, but, under the circumstances, the order will be without costs.

Application denied, without costs.