This is an appeal from an interlocutory judgment of the General Term, fourth department, affirming an interlocutory judgment of the Special Term overruling a demurrer to the complaint.
The plaintiff seeks in this action to compel the defendant to issue to him for the year 1895 an annual pass upon its railroad in pursuance of a contract to that effect; also to recover damages suffered by reason of the breach of the contract.
The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action, its contention *Page 292 
being that the plaintiff is a public officer and that it cannot lawfully perform such contract and issue the annual pass as it would be a violation of article 13, section 5 of the Constitution of the state of New York which went into effect January 1st, 1895, and prohibits a public officer from receiving for his own use or benefit any free pass from a corporation.
The plaintiff, in March, 1893, entered into a contract with defendant wherein it was mutually agreed that the plaintiff should perform services for the defendant in preventing depredations upon its property by thieves and trespassers, and that the plaintiff in the performance of such duty should at all times be ready to respond to any demands made upon him by the defendant; that as a consideration for such services the defendant was to pay plaintiff a salary of seventy-five dollars a month and deliver to him an annual pass in the usual form for transportation over the railroad of the Rome, Watertown 
Ogdensburg Railroad Company and also over the railroad of the defendant to be used by plaintiff whether engaged in the business of the defendant or in his own private affairs.
In order to carry out this contract the plaintiff, in July, 1893, secured from the governor of the state an appointment to the office of railroad policeman under the Laws of 1890, chapter 565, section 58, known as the Railroad Law.
The act requires the appointee to take and subscribe the constitutional oath of office and file it with his commission in the office of the secretary of state, and the latter certifies the fact to the county clerk of each county where the policeman is authorized to act. The act further provides that the compensation of such policeman shall be paid by the corporation for which he is appointed, and the appointment shall cease at the pleasure of the corporation.
The plaintiff at once duly qualified as such policeman and entered upon the performance of the contract, and so continued until the first day of January, 1895, up to which time both parties performed the same. On the first day of January, *Page 293 
1895, the defendant refused, on demand, to issue its annual pass to plaintiff for the reasons already stated, and this action was commenced.
There are two questions presented by this appeal, viz.: Is the plaintiff a public officer, and does the constitutional provision referred to prevent the defendant from issuing to him its annual pass under the contract?
The plaintiff was appointed by the governor of the state of New York; was required to take the constitutional oath, and was by virtue of his appointment authorized to perform the duties of a peace officer or policeman in protecting the property of the defendant and of the general public in the custody of the defendant.
We think the manner of his appointment and the character of his duties constitute the plaintiff a public officer.
In Henly v. The Mayor of Lyme (5 Bing. 91) BEST, Ch. J., answering the question "what constitutes a public officer," says: "In my opinion every one who is appointed to discharge a public duty and receive a compensation in whatever shape, from the crown or otherwise, is constituted a public officer."
Chancellor SANDFORD, in case of Wood (2 Cowen, note at page 30), said: "The terms `office and public trust' have no legal or technical meaning distinct from their ordinary signification. An office is a public charge or employment, and the term seems to comprehend every charge or employment in which the public are interested." (People ex rel. Kelly v. Common Council, 77 N.Y. 507. )
In Rowland v. The Mayor (83 N.Y. 376) Judge DANFORTH, in considering this subject, says: "Whether we look into the dictionary of our language, the terms of politics, or the diction of common life, we find that whoever has a public charge or employment, or even a particular employment affecting the public, is said to hold or be in office."
Assuming, then, that the plaintiff is a public officer, does the Constitution prevent his accepting from the defendant its annual pass as a part of the consideration to be paid him for his services under the contract? *Page 294 
In considering this question it must be conceded that unless the contractual relations of the parties distinguish this case from that of the ordinary public officer the issue of the annual pass would be illegal. This court has very recently held, in the case of a notary public, that while it was quite obvious that he was not in that class of public officers who should be prohibited from accepting privileges or favors from corporations, yet as the language of the Constitution was plain and comprehensive the courts were bound to strictly enforce its provisions. (ThePeople v. Rathbone, 145 N.Y. 434.)
What, then, are the precise provisions of the Constitution which are claimed to be violated by the strict performance of this contract which was in force for nearly three years before the Constitution went into effect?
"No public officer, or person elected or appointed to a public office under the laws of this state, shall directly or indirectly ask, demand, accept, receive, or consent to receive, for his own use or benefit * * * any free pass * * * from any corporation, or make use of the same for himself or in conjunction with another." (Const. art. 13, sec. 5.)
It will be observed that a public officer is forbidden to receive and use a "free pass," it being the obvious intention of the Constitution to prohibit the public officers of the state from receiving from corporations privileges or favors — in other words gifts — that might improperly influence them in the discharge of their official duties.
So, if this constitutional provision applies to the plaintiff as a public officer, it is due to the fact that he is accepting a "free pass," a gift, from the defendant. This court, more than thirty years ago, held that the holder of a pass who had compensated the corporation therefor, could not be regarded in any just sense as a gratuitous passenger. (Smith v. N.Y.C.R.R.Co., 24 N.Y. 227.) In the case cited the holder of the pass was the owner of cattle traveling in charge of them under a contract, and paid no independent consideration for his own transportation; he was killed on the journey by reason of the negligence of the railroad company, and notwithstanding *Page 295 
that the contract provided that "the persons riding free to take charge of the stock, do so at their own risk of personal injury from whatever cause," the court held the holder of the pass was not a gratuitous passenger in any just sense.
In the case at bar we have the plaintiff, a railroad policeman, traveling over the lines of the defendant in the discharge of his responsible duties in preventing depredations upon the property of the defendant and the public by thieves and trespassers, and receiving as compensation for his services seventy-five dollars a month and an annual pass, which he was at liberty to use not only in his official, but in his private business.
This is in no sense a "free pass" within the meaning of the Constitution, but, on the contrary, is a pass for which the plaintiff has paid a full consideration, and he cannot be regarded as a gratuitous passenger.
We have not overlooked the argument advanced by the learned counsel for the appellant that such a construction will render it easy to evade this provision of the Constitution by contracts between corporations and public officers for private services by the latter, which shall be paid for in transportation.
We do not think any such danger exists as each case must be decided upon its own facts and the courts will see to it that the provisions of the Constitution are properly enforced.
The distinguishing feature in this case is that the plaintiff is a public officer whose only duty to the public is limited and defined by his contract with the defendant.
We are of opinion that this contract, which had been in force for nearly three years before the present Constitution went into effect, is a lawful one, is not in conflict with the constitutional provision under consideration and that the plaintiff is entitled to recover.
The interlocutory judgment appealed from should be affirmed, with costs.
All concur, except FINCH, J., taking no part.
Judgment affirmed. *Page 296