(17 Misc. Rep. 667.)

### In re HARDY.

(Supreme Court, Special Term, Albany County. July, 1896.)

1. OFFICERS—PREFERENCE OF VETERANS—MANDAMUS.
   A position of janitor, created by law, with the appointing power designated, the salary fixed, and the general duties prescribed, is a "public office"; and therefore mandamus will not lie to admit to possession another person who claims to be entitled to it.

2. SAME—REMOVAL OF INCUMBENT.
   A mandamus will not be granted to reinstate as janitor of a city building a veteran of the Civil War who claims that he was removed without cause and in violation of the Veteran Act (Laws 1894, c. 716), where defendants show that his appointment was for a definite term, which has expired, and that after the term another person was regularly appointed to the office, and was exercising the functions of janitor.

Application by Thomas A. Hardy for a writ of mandamus to compel the mayor of the city of Albany to restore the relator to the position of janitor of the City Building, from which he alleged that he was. wrongfully ejected. Denied.

George H. Stevens, for applicant.
John A. Delehanty, Corporation Counsel, for defendants.

CHESTER, J. The applicant, who is a veteran of the late war, claims that he has been ejected from the position of janitor of the City Building, in the city of Albany, by John Boyd Thacher, mayor of the city, and Charles M. Healey, in violation of the act for the protection of veterans, and seeks by this motion a writ of mandamus commanding them to restore him to such position, its duties and its emoluments. The defendant Healey is, and since the 20th day of May last has been, discharging the duties and receiving the salary of the position, and claims that he has been lawfully appointed thereto by the mayor, and is lawfully in possession of the position. I think it is clear that the position in question is a public office. By the charter of the city of Albany (chapter 298, Laws 1883, tit. 4, § 22) the mayor is authorized to "appoint a janitor at a salary of $900 per annum, who shall have the care of the City Building, * * * and shall under the written direction of the mayor * * * provide for the repair, care and cleaning thereof." The janitor, by section 23 of the same title, has the power of appointing an assistant, with the approval of the mayor. The City Building is a public building owned by the city of Albany, and is occupied by numerous officers of the city and departments of the city government for the transaction of public business; besides, by the courtrooms of the city court and the police court. The applicant, prior to entering upon the position in question, took and filed with the mayor the official oath of office required by the charter (section 6, tit. 21, p. 1753, Laws 1895) to be taken by those appointed to office under the city government. The defendant Healey has also taken the same oath under the appointment pursuant to which he claims the right to hold the position. It is thus seen that the position in question is one created by statute, with the appointing power designated, the salary fixed, and the general duties prescribed by law. The incumbent, although he is designated as a "janitor," is charged with the performance of duties in which the public are interested. He is charged by law with the care of a public building, and under the direction of the mayor he is to provide for the repair, care, and cleaning of the building, and his salary is a public charge. All this clearly makes him a "public officer," within the meaning of that term as defined in many cases. Rowland v. Mayor, etc., 83 N. Y. 376; People v. Nostrand, 46 N. Y. 381.

The position in question being a public office, the petitioner is confronted at the outset with a long line of decisions in this state holding that where the office is already filled by a person who has been admitted and sworn, and is in possession by color of right, the court will not grant a mandamus to admit another person who claims to be entitled to the office, and that the proper remedy in such a case is by writ of quo warranto. People v. Mayor, etc., of New York City, 3 Johns. Cas. 79; People v. Stevens, 5 Hill, 628; People v. Lane, 55 N. Y. 217; In re Gardner, 68 N. Y. 467; People v. Brush, 146 N. Y. 60, 40 N. E. 502; People ex rel. Wren v. Goetting, 133 N. Y. 569, 30 N. E. 968. In the Wren Case, the one last cited, the court of appeals held that mandamus is not the proper remedy to restore an honorably discharged soldier of the war of the Rebellion to an office from which he claimed he had been unlawfully removed without cause shown

after a hearing had, when the question of title turns upon a construction of statutory provisions which are not entirely clear and unambiguous. The court say (page 570, 133 N. Y., page 969, 30 N. E.):

"The rule must be regarded as well established by frequent decisions in the courts of this state that the writ of mandamus should be refused to aid the admission of a claimant into an office already filled under color of law, and when the title to it presents a disputable question."

In that case the special term considered the application on its merits, and denied the application. This denial was affirmed at the general term (8 N. Y. Supp. 742), but the court of appeals say (page 572, 133 N. Y., page 970, 30 N. E.):

"The proceedings should not have been entertained, and the court below should have left the claimant to his action in the nature of quo warranto, in which the incumbent of the office could be heard in defense of his rights."

Here the claim by the petitioner is that while he was in possession of the office in question he was unlawfully removed, without any cause therefor being shown or hearing had; that he was wrongfully ejected from his office by the defendant, with the aid of the police, and the defendant Healey put in his place; and that the latter is an intruder in the office, without any color of right thereto. The defendants, on the other hand, claim that the petitioner's appointment was for a definite term, which expired, with the term of office of the mayor who appointed him, on the 1st day of January, 1896, and that, therefore, there has been no violation of the acts for the protection of veterans, because there has been no removal of the petitioner from office. The defendants also show a written appointment of Healey to his office by the present mayor, dated prior to Healey's taking possession thereof, which appointment is regular on its face, and also that prior to entering upon his duties the latter took the usual oath of office. Notwithstanding the method by which Healey procured possession of the office when his title thereto was disputed may be the subject of criticism, yet the fact remains that he is in possession thereof by color of right. The decision of the questions arising because of these conflicting claims will involve the examination and construction of several statutory provisions which to my mind are not entirely clear and unambiguous. The application should therefore be denied, with costs.

Application denied, with costs.