(24 Misc. Rep. 10.)

### PEOPLE ex rel. TATE v. DALTON.

(Supreme Court, Special Term, Kings County. June, 1898.)

MUNICIPAL CORPORATIONS — EMPLOYES — REMOVAL — RIGHTS OF VETERANS —·
GREATER NEW YORK CHARTER.

    Greater New York Charter, § 127, the object of which is to continue, so far as practicable, the privilege of serving during good behavior, or of being nonremovable except for cause, to those veterans only who, being in the service of either of the separate municipalities prior to the consolidation, enjoyed a like privilege under the then existing laws, does not apply to the water registrar appointed under Laws 1888, c. 583 (Brooklyn Charter) tit. 15, §§ 1, 2, subd. 3, who was declared to be the "chief officer" of the "bureau for the collection of the revenue arising from the sale and use of water," and whose term was "during the pleasure" of the commissioner of the city works, since the charter made such official a public officer.

Motion by the people, on the relation of A. C. Tate, for a peremptory writ of mandamus against William Dalton, commissioner of water supply of the city of New York. Motion denied.

Joseph A. Burr, for relator.
William J. Carr, for respondent.

VAN WYCK, J. The relator Tate's assignment was not "a new appointment or a reappointment." Greater New York Charter, § 1536. The object of the veterans' act (section 127) was to continue, so far as practicable, the privilege of serving during good behavior, or as being nonremovable except for cause, to those veterans only who, being in the service of either of the separate municipalities prior to consolidation, enjoyed a like privilege under the then existing law. The relator was appointed under the Brooklyn charter (Laws 1888, c. 583, tit. 15, §§ 1, 2, subd. 3). His position is designated as that of "water registrar," and he is declared to be the "chief officer" of the "bureau for the collection of the revenue arising from the sale and use of water." His term was "during the pleasure" of the commissioner of the city works, and not during good behavior. This statute creates a public office, and defines the duties thereof, and makes the holder thereof an officer. To such an officer, it appears, the veterans' acts (Laws 1887, c. 708; Laws 1888, c. 583, tit. 22, § 29; Laws 1888, c. 119, amended by Laws 1892, c. 577; Laws 1896, c. 821) do not apply. In re Hardy, 17 Misc. Rep. 667, 41 N. Y. Supp. 469; People v. England, 16 App. Div. 98, 45 N. Y. Supp. 12. A comparison of Brooklyn Charter, tit. 15, § 1, under which relator was appointed, with title 21, § 14, under which Earl was appointed (the relator in the latter case) discloses that the authority in both cases was couched in the same language. Assuming Tate to have been an officer, and that he was displaced by another, who holds the office, if not abolished (Greater New York Charter), under a color of right, the title of which turns upon the construction of statutory provisions, it has been held that in such a case such a question should not be determined in a mandamus proceeding. In re Hardy, supra; People v. Goetting, 133 N. Y. 569, 571, 30 N. E. 968. It would seem that one who collected all the water revenue of the city of Brooklyn ought to be considered as "a person hold-

ing a confidential relation to the appointing officer," and therefore within this exception of the veterans' law. People v. Palmer, 152 N. Y. 220, 46 N. E. 328; Chittenden v. Wurster, 152 N. Y. 360, 46 N. E. 857. This is emphasized by the thought that the commissioner of water supply may be personally liable for all moneys collected by such appointee. Greater New York Charter, § 468, subd. 3; Tillinghast v. Merrill, 151 N. Y. 135, 45 N. E. 375.

For these reasons the motion for peremptory writ of mandamus must be denied.

Motion denied.