THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES W. SEWARD, Appellant, and GEORGE E. CARRIGAN, *v.* THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF SING SING, NEW YORK, Respondents.

*Village policemen — a resolution making their term of office expire at a specified date, passed by the village trustees, is valid — Civil Service Law not applicable to villages.*

Under section 3 of article 10 of the New York State Constitution, which provides, "when the duration of any office is not provided by this Constitution, it may be declared by law, and, if not so declared, such office shall be held during the pleasure of the authority making the appointment," and section 7 of the charter of the village of Sing Sing (Laws of 1896, chap. 83), providing that "All other officers (which included policemen) shall be appointed for the terms and in the manner hereinafter provided or as may be hereafter fixed and determined by said trustees," a resolution of the board of trustees of the village of Sing Sing providing "that the term of office of each and every policeman of

556 PEOPLE ex rel. SEWARD *v.* SING SING.

SECOND DEPARTMENT, NOVEMBER TERM, 1900. [Vol. 54.

this village expire (*sic*) on the first day of May in each year," is effective either to fix the term of office of policemen who had qualified and entered upon the discharge of their duties prior to its passage or as a removal.

*Semble,* that the Civil Service Law (Laws of 1899, chap. 370) does not regulate the civil service of villages.

APPEAL by the relator, James W. Seward, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 23d day of August, 1900, denying the said relator's application for a writ of peremptory mandamus directing the president and trustees of the village of Sing Sing to reinstate the said relator in the position of policeman on the police force of the village of Sing Sing.

*Milton C. Palmer,* for the appellant.

*John Gibney,* for the respondents.

GOODRICH, P. J.:

In June, 1898, the relator, James W. Seward, was appointed to the office of policeman of the village of Sing Sing by the board of trustees of that village, and having qualified by oath of office and bond entered upon and continued in the discharge of his duties in such capacity. On April 10, 1900, the board of trustees passed a resolution: "*Resolved,* That the term of office of each and every policeman of this village expire (*sic*) on the first day of May in each year." On the next day the relator Seward received from the president of the village a notification that his term of office had expired. He protested against such removal, and in June he and the other relator, Carrigan, obtained from one of the justices of the Supreme Court an order requiring the president and board of trustees of the village to show cause why a peremptory writ of mandamus should not issue requiring the board to reinstate them as policemen. Upon the hearing of the motion the court denied the application, and the relator Seward appeals from such order.

The affidavits contain allegations designed to show that the removal of the relator was for political reasons. The affidavit and return of the president contained an allegation that he believed and was informed by counsel that the matters referred to did not affect the action of the board of trustees. Such a denial is open to criticism, but is not important in the view we take of the matter.

Section 3 of article 10 of the Constitution reads: "When the duration of any office is not provided by this Constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment."

In *People ex rel. Cline* v. *Robb* (126 N. Y. 180) this section was under consideration in the case of the removal of a park policeman in New York. There was a provision in the Consolidation Act (Chap. 410, Laws of 1882, § 690, as amd. by chap. 262, Laws of 1887) giving the commissioners of parks power to appoint park policemen, and providing for the imposition of penalties upon conviction of certain specified offenses, and for a reduction of pay for sickness or other disability, mental or physical. The court held that the act created no restriction upon the power of summary removal when the person to be removed was incapacitated by physical disability. The court said (p. 182): "With respect to the tenure or duration of a public employment, such as the relator had at the time of his dismissal, the general rule is that where the power of appointment is conferred in general terms and without restriction, the power of removal, in the discretion and at the will of the appointing power, is implied and always exists, unless restrained and limited by some other provision of law." (Citing numerous cases.) This general rule was embodied in the section above quoted from the Constitution.

In the recent case of *People ex rel. Percival* v. *Cram* (164 N. Y. 166) the Court of Appeals, Judge CULLEN writing, held that "in the case of public officers such duration of term and permanence of tenure must proceed from the action of the legislature itself, for so the Constitution ordains. The power cannot be delegated to the civil service commission * * * nor the term of an office be prescribed by its regulation." It is manifest that this remark related only to the question before the court, that is, to the delegation of legislative power to the State Civil Service Commission, which is an administrative body, and we may not extend it to a case of delegation of power to a board of village trustees which clearly may be invested with other powers, as for instance, to make ordinances which have the same force within the corporate limits as a statute passed by the Legislature itself. (*Village of Carthage* v. *Frederick*, 122 N. Y. 268.)

The Legislature could and did in the charter (Laws of 1896, chap.

83) delegate to the village board the power to determine the duration of the office of policemen, when it declared in section 7, " All other officers (which included policemen) shall be appointed for the terms and in the manner hereinafter provided, or as may be hereafter fixed and determined by said trustees." It makes no difference that the duration of the office was determined by a resolution passed after the policemen qualified and entered into their office. Even if the resolution was for that reason illegal in fixing generally the term of office of all policemen, it was still an expression of the " pleasure of the authority making the appointment," and, therefore, terminated the office of the relators.

It is to be observed that section 9 of article 5 of the Constitution, relating to the civil service, provides for appointment and promotion in the civil service, but does not refer to removal therefrom, and that the Civil Service Law (Chap. 370, Laws of 1899), commonly known as the White Act, regulates appointments in the State and city service, and does not in terms relate to villages. It is true that the Legislature has the power to regulate the civil service of villages, but as yet it has not seen fit to do so.

A policeman is a public officer (*Dempsey* v. *N. Y. C. & H. R. R. R. Co.*, 146 N. Y. 290), and the title of one claiming a public office filled by another holding under color of right may not be determined in a mandamus proceeding where the question of title turns upon a construction of statutory proceedings which are not entirely clear and unambiguous. (*People ex rel. Wren* v. *Goetting*, 133 N. Y. 569; *People ex rel. Lewis* v. *Brush*, 146 id. 60.) The record shows that other policemen were appointed in the place of the relators.

We, therefore, come to our conclusion that as the duration of office of policemen in the village of Sing Sing is not provided for by the Constitution, one of the other two conditions referred to in the section exists, and that the relators held office at the pleasure of the board of trustees, and consequently that the board had the authority to remove them at pleasure. The resolution was either a removal or it fixed the duration of the office. In either case it was a proper exercise of power, and the order must be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.