Hon. Warren B. Pesetsky Counsel to the Authority New York State Executive Department Division of Alcoholic Beverage Control
This is in reply to your request as to whether a county alcoholic beverage control board member now appointed a member of the Industrial Board of Appeals, and a member of the zoning board of a town who is now an applicant for appointment as a member of a county alcoholic beverage control board, are or would be disqualified from being local board members under section 16 of the Alcoholic Beverage Control Law.
Section 40 of the Alcoholic Beverage Control Law set the same standards for members and employees of any local board as apply to liquor authority members and employees by section 16 of that law.
Section 16, amended Laws 1971, chapter 731, in part pertinent to this opinion states:
 "No member of the authority * * * or employee thereof shall * * * hold any other public office in the state or in any political subdivision except upon the written permission of the liquor authority, such member of the authority, or officer, deputy, assistant, inspector or employee may hold the public office of notary public or member of a community board of education in the city school district of the City of New York."
Section 16 when enacted in the Alcoholic Beverage Control Law (L 1934, ch 478) set forth many employment prohibitions applicable to members and employees of the Authority, including the holding of "any other public office in the state or in any political subdivision". This section was amended at the recommendation of the State Liquor Authority (L 1946, ch 160) to permit its members or employees to hold the office of notary public upon the written approval of the State Liquor Authority. In 1971, there was a proposal that the exemption be extended to permit members or employees to hold the office of a member of a community board of education in the city school district of the City of New York.
A bill was submitted which would have stricken the provision requiring the written approval of the Authority for both exemptions. The Authority voiced written objection to the removal of its power to approve or disapprove the said exempted public officers. This, it stated, would remove its only safeguard of properly supervising its employees as contemplated by section 16 of the law. An amended bill, which permitted the Authority to continue to exercise its power to approve or disapprove the holding of specific public office by its members and employees, was introduced and was adopted upon the Authority's recommendation for approval (L 1971, ch 731).
The question is whether the amended section 16 of the Alcoholic Beverage Control Law be interpreted as providing that a local board member may hold another public office with the written permission of the Authority, and further, no such permission be necessary to hold the office of notary public or a member of a community board of education in the city school district of the City of New York, or whether it be interpreted as providing that the local board member may not hold another public office except for notary public or a member of a community board of education and then only with written permission of the Authority.
Preliminarily, it is noted as a matter of syntax that the "except" clause is related to the text which follows it, which otherwise would be a grammatically impermissible "run-on sentence". On such analysis the word "that" is implied after "except", making the meaning clear.
Further, to construe the "except" clause to qualify the express prohibition from holding public office would add it as a qualification on all the preceding prohibitions as well. To so hold would do violence to the entire section since all the prohibitions stated therein would be permitted, "upon the written approval of the Authority", even that of having an interest in premises where alcoholic beverages are manufactured. This could not have been intended by the Legislature.
The history of the section and the communications of the Authority found in the bill jacket also tend to indicate that section 16, as amended, does not mean that any public office can be held by the Authority's members and employees with its permission and, further, that notary publics and members of community boards of education in the City of New York do not need such permission of the Authority (see McKinney's Statutes, sections 251 and 252 and also sections 361 and 364). The bar to holding other public office was always part of section 16. There is no basis in the legislative history for concluding that the amendments were designed to change the longstanding rule that public office cannot be held by the Authority's members and employees.
Therefore, if the position of a member of the Industrial Board of Appeals is a public office, such a member may not remain a board member of the county alcoholic beverage control board upon his appointment as a member of the Industrial Board of Appeals.
The Governor appoints a member of the Industrial Board of Appeals upon the advice and consent of the Senate for a stated term pursuant to section 100 of the Labor Law. The Chairman thereof is prohibited from holding any other public office and its members may be required, among other duties, to hold hearings or investigations relating to any matter pertaining to the execution of its functions. The Industrial Board of Appeals is empowered to review the validity or reasonableness of any rule, regulation or order made by the Industrial Commissioner (section101, Labor Law). It acts in a quasi-judicial manner in the public interest.
A public officer has been held to be a person who has been designated to perform some function of government, not for his own benefit, but for the public, and has been clothed with some power of the government (Rowland vNew York, 83 N.Y. 372 [1880], Dempsey v N.Y.C. H.R.R.R. Co.,146 N.Y. 290, 293 [1895], 47 NY Jur. Public Officers, § 1). The member of the Industrial Board of Appeals so functions and thus is a public officer.
The definition of a public officer above set forth applies equally to the members of the town zoning board. The town board pursuant to Town Law, § 261, has the authority to create and appoint members to a town zoning commission (Town Law, § 271) and a town zoning board of appeals (Town Law, § 267). The members thereof act in the capacity of a town officer (1973 Op Atty Gen 124; 59 N Y Jur, Towns, chapter IX) and a member of a town zoning board is a public officer.
The answer to your question is that the persons in question are disqualified from being and/or appointed a member of the respective County Alcoholic Beverage Control Boards while they are holding a public office.