(17 Misc. Rep. 652.)

## PEOPLE ex rel. WAGNER v. BOARD OF TRUSTEES OF VILLAGE OF COHOCTON.

(Supreme Court, Special Term, Monroe County.   July, 1896.)

1. OFFICERS—PREFERENCE OF APPOINTMENT—MANDAMUS.
   A peremptory writ of mandamus will not be granted to compel the appointment of a veteran of the Civil War to an office claimed by him under the preference of appointment act (Laws 1894, c. 716), where defendant files an affidavit that there was no evidence before the appointing board that the applicant was an honorably discharged soldier, and that the board considered him incompetent to perform the duties of the office.

2. SAME—EXISTING INCUMBENCY.
   An alternative writ of mandamus will not lie to compel the appointment of a veteran of the Civil War to an office claimed by him under the preference of appointment act (Laws 1894, c. 716), where an appointee is exercising the functions of the office.

Application by Jacob Wagner, a resident of the village of Cohocton, a village incorporated under the general village act, for a writ of mandamus to compel the board of trustees of said village to convene, and remove one Frederick Zimmer from the office of street commissioner, and to appoint relator in his place, on the ground that relator was an honorably discharged soldier of the war of the Rebellion, and was therefore entitled to preference of appointment. The affidavit does not state that his application for appointment contained any recitals as to his military services and consequent right to preference.    His affidavit further alleged that the other applicants were not veterans of the war, that relator was competent to discharge the duties of the office, and that the trustees appointed said Frederick Zimmer in violation of law and against relator's rights.    Defendants read an affidavit stating that when the applicants for said office were considered by the board there was no evidence before it that relator was an honorably discharged soldier of the war of the Rebellion, though that fact was known to the trustees as individuals, but that they did not consider him competent to perform the duties of the office, and in the exercise of their powers they appointed said Zimmer solely on account of his superior qualifications.

Fred J. Durgan, for relator.
W. W. Clark, for defendants.

WERNER, J.    If this were to be treated as an application for a peremptory writ of mandamus, it would have to be denied under the rule that the right to such a writ must be determined upon the assumption that the averments of the opposing affidavits are true. The relator's demand for a peremptory writ, where the essential al-

legations of the moving papers are controverted, is equivalent to a demurrer which admits the truth of the opposing affidavits. People v. Mayor, etc., of City of Brooklyn, 149 N. Y. 223, 43 N. E. 554. The peremptory writ of mandamus can only be granted when the relator's right thereto depends only upon questions of law. Code Civ. Proc. § 2070. Admitting, as we must for the purposes of an application for a peremptory writ of mandamus, the truth of defendants' allegations, the relator is clearly not entitled to such writ. If the relator's application is to be treated as one for an alternative writ of mandamus, then the case of People v. Rupp, 90 Hun, 145, 35 N. Y. Supp. 349, 749, seems to be conclusive upon this court as an authority against the relator's contention. That case was decided after the passage of chapter 716, Laws 1894, upon which the relator bases his claim; and, with a single exception, is identical in its facts with the case at bar. The only essential difference between the two cases lies in the fact that in People v. Rupp, the relator's application for position, filed with the board of police commissioners, stated that he was an honorably discharged Union soldier, and as such was entitled to preference under the statutes of this state. In this case the relator's affidavit contains no such averment, and the affidavits of the defendants affirmatively state that the relator's application filed with said board of trustees contained no such statement. Under the ruling of People v. Rupp, supra, this is not a material circumstance, and it is referred to here simply to show that even if this court were not bound by that decision the relator's papers do not make out a case for an alternative writ of mandamus. The contention of the relator's counsel that the case last above cited has been overruled by the court of appeals in People v. Mayor, etc., of City of Brooklyn, supra, does not seem tenable. In that case the relator had been removed from his position, which he claimed had been ostensibly, but not in fact, abolished for the sole purpose of furnishing an excuse for his discharge. The court held that he was not entitled to the peremptory writ of mandamus granted by the court below, and that the disputed facts arising upon the question of the good faith of and the reasons for the relator's discharge should have been tried in the manner provided by statute, under an alternative writ of mandamus. If it was the intention of the court of appeals to hold that upon the facts presented in that case an alternative writ of mandamus would have been the relator's sole proper remedy, that conclusion is by no means clearly stated. But there is a manifest distinction between that case and the one before us. The rule "that where an office is already filled by an actual incumbent, exercising its functions, even when he is merely an officer de facto under color of right, mandamus is not available to compel the admission of another claimant to the office," has not been disputed or questioned. In such a case the appropriate remedy is an action in the nature of quo warranto, and, if by the judgment of the court in such case a vacancy is created, then the proper authorities may be compelled by mandatory writ to exercise their duty in filling it. People v. Goetting, 133 N. Y. 569, 30 N. E. 968. This later principle, which was not involved in People v. Mayor, etc., of City of Brooklyn,

supra, was properly invoked in People v. Rupp, supra. This case contains no distinguishing features which would warrant a departure from the rule laid down in the case last above cited. The relator's application must therefore be denied.

Application denied.