(19 Misc. Rep. 671.)

### PEOPLE ex rel. HOYT v. BOARD OF TRUSTEES OF VILLAGE OF BALLSTON SPA et al.

(Supreme Court, Special Term, Montgomery County. March, 1897.)

1. OFFICERS—PREFERENCE OF VETERANS—PEREMPTORY MANDAMUS.
   A peremptory mandamus will not be granted to compel the appointment of a veteran of the Civil War to an office (Laws 1896, c. 821), where the answering affidavits state that respondents consider relator incompetent to discharge the duties of the office.

2. SAME—ALTERNATIVE WRIT.
   Nor will an alternative writ be granted in such case where another person has been appointed.

3. SAME—CONSTRUCTION OF STATUTE.
   The right of a veteran of the Civil War to mandamus, under Laws 1894, c. 716, which provides that, in case of a denial of his right of preference of appointment to office, he "shall have a right of action * * * in addition to the existing right of mandamus," is not extended by Laws 1896, c. 821, providing that "he shall have a right of action * * * and also a remedy by mandamus."

Application by George M. Hoyt against the board of trustees of the village of Ballston Spa and Patrick H. Heeney for a peremptory writ of mandamus to compel the appointment of relator to the office of street commissioner of said village. Denied.

W. S. French (J. W. Verbeck, of counsel), for relator.
Irving W. Wiswall, for defendants.

McLAUGHLIN, J. On the 19th of March, 1897, the defendant board of trustees met and proceeded, under the statute, to appoint a street commissioner for the ensuing year. There were three applicants for the appointment,—relator, defendant Heeney, and one Harrison. Heeney was appointed, and he at once entered upon, and has since been and now is discharging, the duties of the office. The relator asks for a peremptory writ of mandamus requiring the defendant board of trustees to forthwith convene, and annul and declare void the appointment of Heeney, and to appoint him in his place and stead. He predicates his right to the writ upon an affidavit, made by himself, to the effect that he is competent to discharge the duties pertaining to the office, and therefore has a legal right to the appointment, inasmuch as he was the only honorably discharged Union soldier among the applicants. All of the material allegations contained in the relator's affidavit, except that he is an honorably discharged Union soldier, are denied in affidavits pre-

sented by the defendants; and from such affidavits it affirmatively appears that the relator's application for the appointment was rejected because he was considered by the board incompetent and unfit to discharge the duties of the office. Whatever view may be entertained as to the merits of the relator's claim, it is too clear to require discussion that he is not entitled, upon the papers presented, to the relief asked. It is well settled that in applications of this character the question whether or not the relator is entitled to the writ must be determined upon the assumption that the allegations contained in the opposing affidavits are true. People v. Brush, 146 N. Y. 60, 40 N. E. 502; People v. City of Brooklyn, 149 N. Y. 223, 43 N. E. 554. The relator is not entitled to a preference unless he is competent to discharge the duties of the office. The statute giving honorably discharged soldiers a preference presupposes an applicant to be qualified to properly discharge the duties of the office which he desires to fill. It does not give him a preference unless he possesses such qualifications. The relator asserts that he is competent; the defendants deny it. The object to be accomplished by writ of mandamus is not to determine controversies; it is simply to enforce a clear, specific, legal right, when such right depends only upon questions of law. Code Civ. Proc. § 2070. The claim of the relator that he is entitled to the appointment is based upon the assumption that he possesses the necessary qualifications to properly discharge the duties pertaining to the office; and, the defendants having denied his assertions in this respect, a question of fact is presented, which is not within the purpose of a proceeding by mandamus, but can be settled and disposed of in an action brought for that purpose. Code Civ. Proc. §§ 1948, 1983. Again, a writ of mandamus is never granted to compel the discharge of a duty involving the exercise of judgment or discretion. It appears that the defendant board met, considered the application of the relator, and especially with reference to his preference under the statute, and rejected his application for the reason that he was not qualified to fill the position. The board, in the discharge of a public duty, exercised its judgment; and, having done so, the court has no power to interfere by substituting its judgment for that of the board. The relator urges, if a peremptory writ be refused, that then an alternative writ should be granted; but the case of People v. Rupp, 90 Hun, 145, 35 N. Y. Supp. 349, 749, seems to be conclusive upon this court as an authority against granting an alternative writ. See, also, People v. Board of Trustees, 17 Misc. Rep. 652, 41 N. Y. Supp. 449. This is clear, unless it be held that chapter 821 of the Laws of 1896 has destroyed the effect of that decision. The decision referred to was rendered after the passage of chapter 716 of the Laws of 1894, and upon which the relator there based his claim. In the present case the relator bases his right to the writ under the act of 1896 above referred to. The act of 1894 provides that the applicant "shall have a right of action * * * in addition to the existing right of mandamus," and in the act of 1896 he "shall have a right of action * * * and also a remedy by mandamus." I am unable to see any material difference in the stat-

utes, so far as the same affect the question here involved. The act of 1894 recognizes the right to proceed by mandamus, and that right carried with it a remedy to proceed in that way; while the act of 1896 recognizes a remedy, and that presupposes the right. In other words, a legal right is always clothed with a remedy to enforce it, and a legal remedy is simply the means employed to enforce a legal right or redress an actionable injury.

The relator's application must therefore be denied.